2017 FEB -3 PM 1:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

**FILED & ENTERED**

FEB 01 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY firman  DEPUTY CLERK

SACV17-00191 DMG

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:14-bk-11335-CB |
| Plaza Healthcare Center LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Adv. No. 8:14-ap-01297-CB |
| | **REPORT AND RECOMMENDATION TO THE DISTRICT COURT RE ENTRY OF ORDER GRANTING PLAINTIFFS ATTORNEYS' FEES AND COSTS AS PREVAILING PARTY IN THE ADVERSARY PROCEEDING FOR DECLARATORY RELIEF UNDER THE LEASE** |
| West Pico Terrace – Let, LLC, a California limited liability company; and Country Villa East LP, a California limited partnership, | |
| Plaintiffs, | Date: December 21, 2016 |
| vs | Time: 10:00 a.m. |
| Flora Terrace East LLC, a California limited liability company; and Flora Terrace West LLC, a California limited liability company, | Courtroom 5D |
| | Address: 411 W Fourth Street Santa Ana, CA 92701 |
| Defendants. | |

Pursuant to *Stern v. Marshall*, 131 S.Ct. 2594 (2011), the Bankruptcy Court submits this Report and Recommendation ("Fee R&R") to the District Court with respect to the *Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary*

*Proceeding for Declaratory Relief Under the Lease* (the "Fee Motion") [BC Doc. #244][1] filed by Plaintiffs, West Pico Terrace – Let, LLC ("West Pico") and Country Villa East LP ("Country Villa" and collectively with West Pico, the "Plaintiffs") as against Defendants Flora Terrace East LLC and Flora Terrace West LLC (collectively, "Defendants").

The Bankruptcy Court submits this Fee R&R to the District Court as a result of Defendants' contention that the Bankruptcy Court does not have jurisdiction and that Defendants did not consent to the Bankruptcy Court's jurisdiction for entry of any final orders in this adversary proceeding.

## REPORT AND RECOMMENDATION

On December 21, 2016, the Bankruptcy Court conducted a hearing on the Fee Motion. The Court, having reviewed the Complaint, the Fee Motion, the *Opposition to Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary Proceeding for Declaratory Relief Under the Lease* [BC Doc. #250] filed by Defendants, the *Plaintiffs' Reply to Opposition to Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary Proceeding for Declaratory Relief Under the Lease* [BC Doc. #251], the supporting evidence, including those items for which judicial notice was requested, all the pleadings and other documents filed in the Debtor's bankruptcy case, and in this related adversary proceeding, and having considered the arguments and representations of counsel during the hearing on the Fee Motion, recommends that the District Court enter an Order Awarding Attorneys' Fees and Costs to Plaintiffs as Prevailing Parties (in the form attached as **Exhibit "A"**) and the Findings of Fact and Conclusions of Law (in the form attached as **Exhibit "B"**), which provide that (a) Plaintiff West Pico be awarded attorneys' fees in the sum of $1,169,826.50 and costs in the sum of $14,385.25, for a total of $1,184,211.75,

//
//
//

---

[1] "BC Doc. #" denotes the docket number as to the documents filed in the Bankruptcy Court in this adversary proceeding. "Doc. #" denotes the docket number assigned to the document on filing of the document with the CM/ECF filing system of the District Court in connection with District Court Case No. SA CV 16-1625 DMG.

1 | and (b) Country Villa be awarded attorneys' fees in the sum of $273,979.50 and costs in the sum of
2 | $6,332.17, for a total of $280,311.67, as against Defendants, jointly and severally, and for no stay of
3 | enforcement of any collection activities on these sums.
4 | ###

24 | Date: February 1, 2017

Catherine Bauer
United States Bankruptcy Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PLAZA HEALTHCARE CENTER LLC,<br><br>Debtor and Debtor-in-Possession. | District Court Case No.<br>SA CV 16-1625 DMG<br><br>Bankruptcy Court Case No.<br>8:14-bk-11335-CB<br><br>Adversary Case No.<br>8:14-ap-1297-CB |
| West Pico Terrace – Let, LLC, a California limited liability company; and Country Villa East LP, a California limited partnership,<br><br>Plaintiffs,<br><br>vs<br><br>Flora Terrace East LLC, a California limited liability company; and Flora Terrace West LLC, a California limited liability company,<br><br>Defendants. | **ORDER AWARDING ATTORNEYS' FEES AND COSTS TO PLAINTIFFS AS PREVAILING PARTIES**<br><br>Date: December 21, 2016<br>Time: 10:00 a.m.<br>Courtroom: 5D<br>Address:  411 W Fourth Street<br>       Santa Ana, CA 92701 |

A trial was held on February 16 and 17, 2016 before the Honorable Catherine E. Bauer, United States Bankruptcy Judge for the Central District of California, on Plaintiffs' Complaint filed November 12, 2014.

On September 2, 2016, the Bankruptcy Court issued its *Report and Recommendation to the District Court re Entry of an Order for Declaratory Relief* [BC Doc. #240], which was filed in the District Court on the same date [Doc. #2].[2]

On November 8, 2016, the District Court entered its *Order Accepting Report and Recommendation of United States Bankruptcy Judge and Order for Declaratory Judgment* [Doc. #7] and its *Judgment* [Doc. #8], granting declaratory relief in favor of Plaintiffs and against Defendants.

On November 21, 2016, Plaintiffs filed in the Bankruptcy Court their *Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary Proceeding for Declaratory Relief Under the Lease* (the "Fee Motion") [BC Doc. #244].

On December 21, 2016, the Bankruptcy Court heard the Fee Motion and thereafter issued its *Report and Recommendation to the District Court re Entry of Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Parties in the Adversary Proceeding for Declaratory Relief Under the Lease* awarding attorneys' fees to Plaintiffs (the "Fee R&R").

In accordance with the *Order Accepting Report and Recommendation of the United States Bankruptcy Judge and for Award of Attorneys' Fees to Plaintiffs* issued concurrently herewith,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiffs are awarded attorneys' fees in this action against Defendants, jointly and severally, as follows:

a. Plaintiff West Pico Terrace – Let, LLC is awarded attorneys' fees in the sum of $1,169,826.50 and costs in the sum of $14,385.25, for a total of $1,184,211.75; and

---

[2] "Doc. #" denotes the docket number assigned to this document upon filing of this document with the CM/ECF filing system of the District Court. "BC Doc. #" denotes the docket number as to documents filed in the Bankruptcy Court and in connection with Adversary Proceeding No. 8:14-ap-1297-CB.

DOCS_LA:303189.4 73538/004

  b. Plaintiff Country Villa East LP is awarded attorneys' fees in the sum of $273,979.50 and costs in the sum of $6,332.17, for a total of $280,311.67.

  c. There is no stay of enforcement of collection of these sums awarded herein.

Dated: January \_\_\_, 2017

              _____
              DOLLY M. GEE
              United States District Court Judge

cc: Bankruptcy Court and BAP

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Plaza Healthcare Center LLC,<br><br>    Debtor and Debtor-in-Possession. | Case No.: 8:14-bk-11335-CB<br><br>Chapter 11<br><br>Adv. No. 8:14-ap-01297-CB |
| West Pico Terrace – Let, LLC, a California limited liability company; and Country Villa East LP, a California limited partnership,<br><br>    Plaintiffs,<br><br>vs.<br><br>Flora Terrace East LLC, a California limited liability company; and Flora Terrace West LLC, a California limited liability company,<br><br>    Defendants. | **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION FOR AN ORDER GRANTING PLAINTIFFS' ATTORNEYS' FEES AND COSTS AS PREVAILING PARTY IN THE ADVERSARY PROCEEDING FOR DECLARATORY RELIEF UNDER THE LEASE**<br><br>**Hearing Date**<br><br>Date: December 21, 2016<br>Time: 10:00 a.m.<br>Courtroom: 5D<br>Address: 411 W. Fourth Street<br>          Santa Ana, CA 92701 |

On November 21, 2016, the Plaintiffs in the above action, West Pico Terrace – Let, LLC ("West Pico") and Country Villa East LP ("Country Villa") filed their *Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary Proceeding Under the*

1   *Lease* (the "Fee Motion") (BC Doc. #244].[3] The Bankruptcy Court conducted a hearing on the Fee Motion on December 21, 2016 at 10:00 a.m.

The Bankruptcy Court, having read and considered the Fee Motion, the *Opposition to Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary Proceeding for Declaratory Relief Under the Lease* (the "Opposition") [BC Doc. #250], *Plaintiffs' Reply to Opposition to Motion for an Order Granting Plaintiffs Attorneys' Fees and Costs as Prevailing Party in the Adversary Proceeding for Declaratory Relief Under the Lease* (the "Reply") [BC Doc. #251], the evidence submitted in support, those matters for which judicial notice was requested, and the other pleadings and documents filed in the Debtor's bankruptcy case and in this adversary proceeding, and having considered the arguments and representations of counsel at the hearing on the Fee Motion, the Bankruptcy Court issues these proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1), Bankruptcy Rule 9033(a), and Section (2)(b) of General Order No. 13-05 of the United States District Court of the Central District of California:

## FINDINGS OF FACT

1.   This adversary proceeding resulted from disputes arising out of a real property lease (the "Lease"), a copy of which is attached to the First Amended Complaint and the Fee Motion as Exhibit "1."

2.   Section 42 of the Lease (titled "Attorneys' Fees"), provides:

> 42.1   If either party becomes a party to any litigation concerning this Lease or the LEASED PROPERTY, or any business or activity conducted thereon by reason of any act or omission of the other party or its authorized representatives, and not by any act or omission of the party that becomes a party to that litigation, or any act or omission of its authorized representatives, the party that cause the other party to become involved in the litigation shall be liable to that party for reasonable attorneys' fees and court costs incurred by it in the litigation.
>
> 42.2   If any legal action or any arbitration or other proceeding is brought for the enforcement of this Lease, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Lease, the successful or prevailing party or parties shall be entitled to recover

---

[3] "BC Doc. #" denotes the docket number as to documents filed in the Bankruptcy Court in this adversary proceeding. "Main Case BC Doc. #" denotes the docket number assigned to the documents filed in the Bankruptcy in the main bankruptcy case of *Plaza Healthcare Center, LLC*, 8:14-bk-11335-CB, in which this adversary proceeding is filed. "Doc. #" denotes the docket number assigned to the document upon filing of the document with the CM/ECF filing system in District Court Case No. SA CV 16-1625 DMG.

reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

3. This adversary proceeding came on for trial on February 16 and 17, 2016 before the Honorable Catherine E. Bauer, United States Bankruptcy Judge for the Central District of California in Courtroom 5D, located in 411 W. Fourth Street, Santa Ana, California.

4. Following trial, on September 2, 2016, the Bankruptcy Court issued its *Report and Recommendation to the District Court re Entry of an Order for Declaratory Relief* (the "Trial R&R") [BC Doc. #240].

5. On November 8, 2016, the United States District Court for the Central District of California issued its *Order Accepting Report and Recommendation of United States Bankruptcy Judge and Order for Declaratory Judgment* [Doc. #7] and its Judgment [Doc. #8] granting declaratory relief in favor of Plaintiffs and against Defendants (the "Judgment").

6. As set forth in that *Notice of Motion and Motion to Make Post-Closing Modifications to Asset Purchase Agreement, and Related Agreement and to Address Flora Terrace Lease Related Issues* [Main Case Doc. #1139], it was agreed between West Pico and Country Villa that in seeking to overcome Defendants' wrongful contentions that the extension options or rights under the Lease had been terminated, West Pico's counsel would serve as lead counsel in this litigation and Country Villa's counsel would serve in a subordinate support role.

7. West Pico was represented in this action by Pachulski Stang Ziehl & Jones LLP ("PSZJ").

8. Country Villa, both in this action and as to disputes arising under the Lease prior to the filing of the Complaint in this action resulting in contested matters with respect to the assumption and related assignment in this bankruptcy case, was represented by Levene Neale Bender Yoo & Brill LLP ("LNBYB").

9. In the Fee Motion, West Pico sought an award of attorneys' fees in the sum of $1,172,214.50 and expenses of $16,552.85 (exclusive of those costs submitted under a concurrently filed Bill of Costs at BC Doc. #243).

3

10. In the Opposition, Defendants asserted that West Pico's attorneys' fees should be reduced by $532,282.82 on the grounds that the hourly rates charged by PSZJ were unreasonable, and the time spent by PSZJ in the litigation was excessive, duplicative, and also contained estimated instances of block billing. Defendants also asserted that PSZJ's costs for a business meal, a conference call, hotel expense, and secretarial overtime totaling $2,806.65 were unreasonable.

11. In its Reply to the Opposition, West Pico refuted the assertions contained in Defendants' Opposition, corrected instances of block billing, and agreed to withdraw its request for costs totaling $2,167.60 for secretarial overtime. West Pico also identified an errant entry of 2.4 hours of time that did not relate to this litigation, totaling $2,388.00, and deducted it from the amount of fees sought to be awarded in the Fee Motion.

12. In the Fee Motion, Country Villa sought an award of attorneys' fees in the sum of $297,864.00 and expenses of $6,375.39

13. In its Opposition, Defendants objected to the fees incurred by County Villa's counsel on the grounds that $75,340.67 in such fees was not subject to the attorney fee provisions set forth in the Lease and that same should be further reduced by an additional $6,882.17 for asserted estimated block billing. Defendants further asserted that Country Villa should be denied all costs because Defendants could not ascertain the basis therefore and that transcript costs totaling $1,140.60 cannot be sought in a fee application after trial.

14. In the Reply, Country Villa refuted the assertions made in the Opposition, but identified $23,884.50 to be excluded from its recovery of attorneys' fees as not being attributable to this adversary proceeding, although related to this particular Debtor's estate, and also agreed to reduce its cost request by $550.00.

15. Utilizing the lodestar method, the Bankruptcy Court previously found LNBYB's fee structure to be reasonable in this community as counsel to the Debtor and Debtor in Possession in this bankruptcy case (including the prosecution of this litigation), and reiterates that finding herein.

16. Utilizing the lodestar method, based on the evidence presented by Plaintiffs in the Fee Motion and the Reply, the Court finds that the hourly fee rates of PSZJ and LNBYB are reasonable in the community for similar work and that there are no factors such as a lack of difficulty, a low

4

amount involved, a lower amount of skill required and employed, a lack of attention given, or any other factor warranting the hourly rates to be adjusted up or down to arrive at the fair market value for the legal services provided.

17. Utilizing the lodestar method, the facts, set forth in the Fee Motion and the Reply, further demonstrate that the amount of time spent by Plaintiffs' counsel in the prosecution of this action was not duplicative, excessive, or otherwise unreasonable.

18. Utilizing the lodestar method, the Court further finds that the amount of time spent by Plaintiffs' counsel was reasonable, and the costs incurred were reasonable.

To the extent any of the above Findings of Fact constitute Conclusions of Law, they should be deemed incorporated in the Section below so entitled.

## CONCLUSIONS OF LAW

1. Under California law, awards of attorneys' fees authorized by contract shall be awarded to the prevailing party as "fixed by the Court." Cal. Civ. Code § 1717.

2. "The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles." *Gorman v. Tassajara Development Corp.*, 178 Cal.App.4th 44, 92 (2009).

3. A "prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." See, Black's Law Dictionary.

4. Based upon the judgment that has been entered by the District Court awarding Plaintiffs all relief sought by them in this adversary proceeding [Doc. #8], West Pico and Country Villa are the prevailing parties in this litigation.

5. The attorneys' fees and costs sought to be awarded to West Pico and Country Villa in the Fee Motion, as modified in the Reply, are within the scope of awardable fees and costs set forth in Section 42 of the Lease.

6. Under California law, the fee setting inquiry typically begins with the Lodestar test, *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate. *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000).

7. Similarly, in the Ninth Circuit, the proper method for determining reasonable attorneys' fees is to use the "lodestar method." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

8. A reasonable hourly rate is presumptively the rate the marketplace pays for the services rendered. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989); *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988).

9. Recognizing that the determination of an appropriate "market rate" for the services of a lawyer is inherently difficult, the Supreme Court stated:

> Market prices of commodities and most services are determined by supply and demand. In this traditional sense there is no such thing as a prevailing market rate for the service of lawyers in a particular community. The type of services rendered by lawyers, as well as its experience, skill, and reputation, varies extensively -- even within a law firm. Accordingly, the hourly rates of lawyers in private practice also vary widely. The fees charged often are based on the product of hours devoted to the representation multiplied by the lawyer's customary rate.

*Blum v. Stenson*, 465 U.S. 886, 895, n. 11, 104 S.Ct. 1541 (1984).

10. The Supreme Court has also stated that a reasonable attorney's fee "means a fee that would have been deemed reasonable if billed to affluent plaintiffs by its own attorneys." *Missouri v. Jenkins by Agyei*, 109 S.Ct. at 2470 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 591 (1986) (Rehnquist, J. dissenting)). Accordingly, a reasonable hourly rate is the hourly amount to which attorneys in the area with comparable skill, experience and reputation typically would be entitled as compensation. *Blum v. Stenson*, 465 U.S. at 895 n. 11.

11. "If the applicant satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee contemplated by Sec. 1988, *Id.* at 897, 104 S.Ct. at 1548; *Pennsylvania*, 106 S.Ct. at 3098." *Jordan v. Multnomah County*, 815 F.2d 1258 (9th Cir. 1987).

To the extent any of the above Conclusions of Law constitute Findings of Fact, they should be deemed incorporated into that Section so entitled.

## **CONCLUSION**

For the reasons stated above, Plaintiff West Pico should be awarded attorneys' fees in the sum of $1,169,826.50 and costs in the sum of $14,385.25, for a total of $1,184,211.75, as against Defendants, jointly and severally, and Plaintiff Country Villa should be awarded attorneys' fees in the sum of $273,979.50 and costs in the sum of $6,332.17 for a total of $280,311.67, as against Defendants, jointly and severally.

###